IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MYBRITT HARRIS,

    Plaintiff,

vs.

GCA SERVICES GROUP, INC., and
GCA SERVICES GROUP OF COLORADO, INC.,
f/d/b/a CLOLA ENTERPRISES, INC.,

    Defendants.

## COMPLAINT

Plaintiff, Mybritt Harris, through her attorneys at Weeks & Luchetta, LLP, submits her Complaint against GCA Services Group, Inc. and GCA Services Group of Colorado, Inc. f/d/b/a "CLOLA Enterprises, Inc."

### I. Parties and Jurisdiction

1. Plaintiff, Mybritt Harris, a female, is over the age of eighteen, and she is a resident of El Paso County, Colorado. Ms. Harris is black and, as such, is a member of a protected class.

2. Defendant, CGA Services Group, Inc., is a corporation.

3. Defendant, GCA Services Group of Colorado, Inc. f/d/b/a "CLOLA Enterprises, Inc.," is a corporation.

4. Defendants are in the business of providing janitorial services.

5. Upon information and belief, Defendants operate as a joint enterprise.

6. At all times material hereto, Defendants maintained 15 or more employees for 20 or more weeks per year.

7. Defendants employed and fired Plaintiff.

8. Venue in this matter is proper because the alleged wrongful acts of the Defendants occurred in Colorado.

9. Plaintiff filed a timely complaint of discrimination with the Equal Employment Opportunity Commission (the EEOC).

10. The EEOC determined there was reasonable cause to believe that the Defendants had illegally discriminated against Plaintiff based on race.

11. On May 21, 2008, the EEOC mailed Plaintiff a Notice of Right to Sue under Title VII.

12. This lawsuit was filed within 90 days of the date the EEOC mailed Plaintiff a Notice of Right to Sue.

13. Plaintiff has satisfied all administrative procedures required to bring this suit.

14. This Court has proper jurisdiction in this case pursuant to 28 U.S.C. § 1331.

## II. Allegations and Claims

15. At all times material hereto, Defendants provided janitorial services at Schriever Air Force Base in Colorado Springs, Colorado.

16. Plaintiff began work for Defendants on December 10, 2000.

17. Plaintiff was the Morning Shift Supervisor for Defendants at the Joint National Integration Center (JNIC) at Schriever Air Force Base in Colorado Springs, Colorado.

18. Throughout Plaintiff's employment with Defendants, her performance was excellent. She was well qualified for her position.

19. Throughout Plaintiff's employment with Defendants, she never received any warnings or write-ups regarding poor job performance.

20. The Defendants employed a night shift and a morning shift to perform janitorial services at JNIC.

21. The government provided Defendants with a Statement of Work regarding the janitorial services to be performed at JNIC. The Statement of Work provided that

Defendants shall perform the largest portion of the required janitorial services during off duty hours (1700-0700). Included within the janitorial duties that had to be performed during these off duty hours was cleaning the bathrooms at JNIC.

22. At all times material hereto, the Defendants' night shift at JNIC was responsible for cleaning the bathrooms at JNIC. The Defendants' morning shift was not responsible for cleaning the bathrooms at JNIC, and they had other janitorial duties that occupied their time each morning.

23. In June and July 2005, the Defendants' night shift was supervised by a white female, and the night shift was mostly composed of white individuals. During this time, Plaintiff, a black female, was the supervisor of the morning shift.

24. During June and July 2005, the night shift repeatedly failed to perform its janitorial services properly, including leaving the bathrooms at JNIC unclean and messy. Plaintiff repeatedly came to work to find the bathrooms in terrible shape, and she repeatedly reported these problems to her supervisor, Lana Ades.

25. Ms. Ades, a white female, repeatedly failed to discipline the white supervisor and white workers on the night shift who were responsible for leaving the bathrooms at JNIC unclean and messy, and the problem continued.

26. On July 25, 2005, a large special event was scheduled at JNIC beginning at 8:00 A.M., and many visitors would be in the presentation and war game rooms.

27. Plaintiff arrived at JNIC on July 25, 2005 at approximately 5:30 A.M. to begin making preparations for the day. Her morning crew arrived at approximately 6:00 A.M., and they began to clock in, get their equipment and report for duty. The morning crew was responsible for having the presentation and war game rooms cleaned and ready by approximately 7:00 A.M., and they were pressed for time.

28. On July 25, 2005, at approximately 6:15 A.M. the Plaintiff discovered that the bathrooms at JNIC were very unclean and messy – meaning that the night shift once again failed to do its job of cleaning the bathrooms during the night – despite Plaintiff's repeated efforts to get the night shift to perform its job responsibilities.

29. The Plaintiff's morning shift did not have time to do the night shift's job of cleaning the bathrooms and doing its job of cleaning the presentation and war game rooms at JNIC before the start of the event. Therefore, the Plaintiff directed her morning shift to perform their assigned duties of cleaning the presentation and war game rooms at JNIC for the special event.

30. On July 29, 2005, the Defendants' account manager, Allen Bickle (a white male), arrived at JNIC and terminated Plaintiff because she failed to have her morning shift perform the night shift's job of cleaning the bathrooms at JNIC before the special event. Mr. Bickle told Plaintiff she had made the wrong decision so she was being dismissed.

31. The white employees on the night crew, whose job responsibility it was to clean the bathrooms at JNIC, were not disciplined by Defendants for their failure to clean the bathrooms on July 25, 2005. In fact, the Defendants' white managers and supervisors repeatedly and consistently failed to discipline or terminate white employees who failed to perform their assigned janitorial duties.

32. There was no valid reason to terminate the Plaintiff. Instead, the Defendants decided to terminate Plaintiff because she is black and they wanted to replace her with a white employee.

33. The Defendants' termination of Plaintiff was very upsetting to Plaintiff, and Mr. Bickle announced the termination in a public location – further humiliating the Plaintiff.

34. Defendants quickly hired a white female to replace Plaintiff as the supervisor of the morning shift at JNIC. Also soon after Mr. Bickle terminated the Plaintiff, he asked Plaintiff to stay on for a couple of weeks in order to train her replacement.

35. Plaintiff agreed to continue working a couple of weeks in order to train her replacement, and Plaintiff's last day of work for Defendants was August 19, 2005.

36. Defendants' claim that it terminated Plaintiff for failing to properly perform her job duties is a pretext for race discrimination.

37. Defendants treated Plaintiff differently and less favorably than they treated white employees with respect to discipline for failing to perform assigned duties and with respect to other employment matters (e.g., the manner in which the Defendants handled alleged security violations).

38. Race was a motivating factor in Defendants' discriminatory treatment and wrongful termination of Plaintiff.

39. Defendants' conduct violates Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1981.

40. Defendants' conduct violates Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq.,

4

41. Defendant's conduct violated the Colorado Anti-Discrimination Act (CADA). C.R.S. § 24-34-402 et seq.

42. Defendants' conduct violates the public policy of the State of Colorado, and Defendants wrongfully terminated Plaintiff.

43. Defendants engaged in racial discrimination with malice or with reckless indifference to the right of Plaintiff to be free from such intentional discrimination.

44. Defendants' wrongful actions toward Plaintiff have caused her to suffer and continue to suffer loss of wages, loss of future income, other economic damages, financial distress, humiliation, emotional distress and anxiety.

### III. Prayer for Relief

Plaintiff prays for entry of judgment against Defendants as follows:

1. For back pay;

2. For front pay;

3. For compensatory damages;

4. For an order enjoining Defendants from engaging in such unlawful employment practices;

5. For punitive damages as determined by a jury in this cause;

6. For expert witness fees and other costs incurred as a result of this action;

7. For reasonable attorney's fees;

8. For interest as provided by law; and

9. For such other and further relief as this Court deems just, equitable and proper.

### IV. Jury Demand

Plaintiff demands that a jury of six (6) persons try this case.

Respectfully submitted this 14th day of August 2008.

/s/ Jeffrey L. Weeks
Jeffrey L. Weeks, Esq.
WEEKS & LUCHETTA, LLP
102 South Tejon, Suite 910
Colorado Springs, CO 80903
Telephone (719) 578-5600
Facsimile (719) 635-7458
Email: Jeffrey@weeksluchetta.com

Counsel for the Plaintiff

Plaintiff's address:
7570 Sunnyview Lane
Colorado Springs, CO  80911

G:\jeffreyweeks\Harris, Mybritt\P070108 Complaint.DOC