IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01744-CMA-KMT

MYBRITT HARRIS,

    Plaintiff,

v.

GCA SERVICES GROUP, INC., and
GCA SERVICES GROUP OF COLORADO, INC.,
   f/b/a CLOLA ENTERPRISES, INC.,

    Defendants.

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

This Matter is before the Court on Defendants' Motion to Set Aside the Entry of Default (Doc. # 9). For the following reasons, the Motion is GRANTED.

This is an employment discrimination case. Plaintiff Mybritt Harris filed her complaint on August 15, 2008 (Doc. # 1). Plaintiff served Defendants on August 20, 2008 (Docs. # 2 & 3). Defendants failed to respond on or before the due date specified by the Federal Rules, and Plaintiff moved for entry of default on October 22, 2008 (Doc. # 6). The Clerk entered default on October 30, 2008 (Doc. # 8). Upon receiving notice of the entry of default, Defendants moved to set aside the default.

Default judgments are disfavored by courts. *Katzson Bros., Inc. v. United States Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1997). Under F.R.Civ.P. 55(c), this Court may set aside an entry of default for "good cause." *See Stjernholm v. Peterson*, 83 F.3d 347, 349 n.1 (10th Cir. 1996). The good cause

standard under Rule 55(c) is less onerous than the standard required to set aside a default judgment under Rule 60(b). *Dennis Garberg & Assocs., Inc.*, v. *Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The decision whether to set aside a clerk's default under Rule 55(c) rests within the discretion of the trial court. *Stjernholm*, 83 F.3d at 349 n.1; *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

In this case, Defendants' explanation regarding the failure to timely respond to Plaintiff's Complaint is that someone in the organization failed to transmit the service papers to the necessary people within the Defendants' organization. Although this is not the strongest of explanations, Defendants' omission appears to be an honest mistake, not a calculated ploy to delay or stave off litigation. Further, Defendants caught their mistake early and counsel has represented that Defendants will comply with the initial scheduling deadlines in this case, specifically with the Scheduling Conference deadline, set for December 16th. Given these facts and the Court's preference to adjudicate this case on the merits, the Court finds good cause to set aside the entry of default.

Accordingly, it is ORDERED that the Clerk's Entry of Default (Doc. # 8) is hereby VACATED and the Default is SET ASIDE.

DATED: November  24 , 2008

BY THE COURT:

_____
Christine M. Arguello
United States District Judge