**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01744-CMA-KMT

**MYBRITT HARRIS,**

       **Plaintiff,**

vs.

**GCA SERVICES GROUP, INC., and
GCA SERVICES GROUP OF COLORADO, INC.,
f/d/b/a CLOLA ENTERPRISES, INC.,**

       **Defendants.**

---

## AGREED PROTECTIVE ORDER

---

Plaintiff Mybritt Harris ("Plaintiff") and GCA Services Group, Inc., and GCA Services Group of Colorado, Inc. f/d/b/a Clola Enterprises, Inc. (collectively "Defendants") have good cause to believe and agree that certain documents and things ("documents"), as described below and produced in discovery in the above-captioned action, contain confidential information. Accordingly, it is ORDERED that:

    1.    The following documents and information produced[1] during discovery in this action and marked "Confidential" shall be considered "Confidential Information" for the purposes of this Order:

        (a)    personnel and compensation related documents regarding former and/or current employees of Defendants (other than Plaintiff);

---

[1] The entry of this Order does not render any documents discoverable. Rather, it provides a mechanism for maintaining the confidential nature of certain types of documents that are produced.

    (b) documents containing information relating to the Defendants' business operations, including but not limited to their policies, procedures, financial matters, any collective bargaining agreements, and/or the work product of Defendants' employees;

    (c) documents containing information relating to Defendants' past, current and/or prospective customers, vendors and employees;

    (e) other documents designated as "Confidential" by the parties in accordance with this order and which are confidential or involve a privacy interest necessitating such designation.

  2. Any documents and/or information designated by Plaintiff and/or Defendants as "Confidential" must first be reviewed by Plaintiff's and/or Defendants' counsel who will certify that the designation as "Confidential" is based on a good faith belief that the "Confidential Information" is "Confidential" or otherwise entitled to protection under Fed. R. Civ. P. 26(c).  Plaintiff and Defendants will designate all documents falling within the above definition of "Confidential Information" at the time of production by marking such documents "Confidential Information" or "Confidential."  For documents produced by a third party, Plaintiff or Defendants may designate documents falling within the above definition of "Confidential Information" by marking such documents as "Confidential" at the time of production or within a reasonable period after receipt of the documents, and by promptly notifying all other parties of such designation.

  3. In the case of a deposition, Defendants' or Plaintiff's designation of all or any portion of any transcript (including exhibits) deemed to contain "Confidential Information" shall be made by designating such portion as "Confidential" on the record during the course of the deposition.  Either party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel within 30 days after notice by the court reporter of the completion of the transcript.

4.     "Confidential Information" designated as "Confidential" is entitled to the protections afforded by this Protective Order unless a party objects to that designation. Any party may object to the designation of particular "Confidential Information" by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the "Confidential Information" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "Confidential Information" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential Information."

5.     "Confidential Information" shall not be shown to, discussed with, or otherwise disclosed or made available to any person by Plaintiff or Defendants or their counsel other than to "Qualified Persons" as defined in paragraph 6 below who have been informed of this Order and have been advised of its terms and of the Order's application to them. No other person shall have access to such "Confidential Information" without the written approval of counsel in this action. Further, no other person shall be informed of the

contents, subject matter, and nature of such "Confidential Information" by any person having access thereto.

6. "Qualified Persons," as used herein, consist of the Court, the Defendants' in-house lawyers, law clerks, paralegals, human resource professionals, personnel exposed to such information in the course of Defendants' business operations, as well as Plaintiff's and Defendants' counsel of record, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in Plaintiff's and Defendants' counsels' law firms engaged in preparing this action for trial; stenographic and video graphic reporters; Plaintiff's and Defendants' witnesses or prospective witnesses in connection with the investigation of the matters at issue in this case and their preparation to testify herein or for use during the taking of their depositions or eliciting their testimony during trial; and consultants and experts employed by Plaintiff and Defendants. All expert witnesses who are shown "Confidential Information" must sign the Declaration of Compliance attached hereto as Exhibit A.

7. "Confidential Information" must be used by Plaintiff and Defendants and their counsel solely for the prosecution and/or defense of this lawsuit and for no other purpose. Plaintiff, Defendants and their counsel (including legal staff), shall not disseminate "Confidential Information" by any means to the press, media, or any other person or entity not designated as a "Qualified Person."[2] The parties may use any of their own Confidential Information produced by them as they see fit in conducting their business or otherwise.

---

[2] By agreeing to this Protective Order, no party waives her/its right to contest the admissibility at trial of any documents and/or information produced subject to this Order.

8. In the event that Plaintiff or Defendants or any "Qualified Person" is required by subpoena or court order outside of this action to produce or disclose any specified "Confidential Information," that person or counsel for that person shall give at least five (5) days written notice or, if that is not practical, as much notice as possible to counsel for Defendants and Plaintiff. The notice given to Defendants' or Plaintiff's counsel will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure, along with copies of any papers related to such request. Defendants or Plaintiff shall have, if at all possible, five (5) days thereafter, or, at a minimum, one day less than the amount of time remaining under the subpoena or order, in which to serve counsel for the requesting party with a written objection to such disclosure.

9. If any producing party inadvertently produces a document or documents that, except for such production, would have been protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other privilege from production, such production shall not constitute a waiver of any such privilege or doctrine as to the produced document(s) or as to any other document, <u>provided</u>, the Producing Person notifies the other party within a reasonable time after the discovery of the inadvertent production. Upon request by the Producing Person the inadvertently produced document(s), and all copies thereof, shall be returned immediately to the Producing Person. Subject to the terms of this paragraph, nothing in this Agreed Protective Order shall prejudice a party from challenging the designation of any document as protected from discovery by a privilege or doctrine or relieve the Producing Person from the burden of justifying any assertion of privilege.

10. "Confidential Information" is to be preserved as confidential both during and after final disposition of this action. Within 90 days of the final settlement or conclusion of the case, all originals and copies of documents constituting "Confidential Information" must, upon written request by the party having produced such "Confidential Information" either (a) return such "Confidential Information" to the party having produced it; (b) destroy all originals and copies of such "Confidential Information," and certify to that destruction to the other party; or (c) retain such "Confidential Information" and certify that will remain confidential and protected after the case is closed, and certify that the party will not disclose such "Confidential Information" to any third party unless compelled to do so by Court Order or Subpoena.  In the event a party retains the "Confidential Information" under option (c), that party will provide written notice to the other party immediately upon receiving notice of a subpoena, court order, or similar process; and agrees to indemnify and hold the other party and its counsel harmless from any claims that may arise from the failure to retain such "Confidential Information" as described in this paragraph.  If Plaintiff or Defendants furnish any "Confidential Information" to any expert or to any other person, Plaintiff's attorney and Defendants' attorney shall be responsible for ensuring that all such "Confidential Information," whether in original, copied or other form, is promptly returned to Defendants' and Plaintiff's counsel.

11. The restrictions stated in this Order may be extended to additional documents or information by agreement of the parties.

Dated this 24th day of April, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

**s/ David J. Comeaux**
David J. Comeaux
500 Dallas Street, Suite 3000
Houston, Texas  77002
713/655-5775
713/655-0020 (Fax)
Email:  david.comeaux@odnss.com
**ATTORNEY FOR DEFENDANTS**

AND

Jeffrey L. Weeks
Weeks & Luchetta, LLP
102 South Tejon, Suite 910
Colorado Springs, CO 80903
719/578-5600
719/635-7458 (Fax)
Email: Jeffrey@weeksluchetta.com
**ATTORNEY FOR PLAINTIFF**